## STATE COURT OF APPEALS—Continued

murrer upon the ground that the court is without jurisdiction.

Attorneys—L. E. Gorman, for Anderson; L. H. Wilkinson, for Graber; both of Toledo.

### No. 93

SCHONSBERGER v. YOUNGSTOWN (City)

Ohio Appeals, 7th Dist., Mahoning Co.

No.     Decided Oct. 2, 1924

333. CRIMINAL LAW—1. Conviction for being suspicious person sustained by proof that accused came to make money by "criminal means and practices."

2. Imprisonment held not correct punishment for first offense as suspicious person.

FARR, J.

#### Epitomized Opinion

Published only in Ohio Law Abstract

Schonsberger was arrested in February 1922 and was charged in Youngstown municipal court with being a suspicious person in violation of an ordinance. The accused was found guilty and fined $25 and imprisoned for 30 days. Schonsberger was arrested in front of a hotel, as he was about to leave Youngstown. Error was prosecuted to common pleas. In affirming the judgment, the court of appeals held:

1. That the judgment was not manifestly against the weight of the evidence, as no misconduct on the part of the court was pointed out and it cannot be said that any error was committed in this respect.

Attorneys—D. F. Rendinell, for Lambeff; H. H. Hull, for State; all of Youngstown.

### No. 94

GINDER, Treas. v. AETNA CAS. & SUR. CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1259. Decided Sept. 27, 1924

1157. TAXES—Treasurer can collect taxes which were listed in 1919 and, by reason of injunction obtained by taxpayer, were not relisted until 1922.

ALLREAD, J.

#### Epitomized Opinion

Published only in Ohio Law Abstract

Action by County Treasurer to recover taxes upon bonds which were listed upon the duplicate of the county for the years 1916, 1917 and 1918. The defense is that the Auditor failed to list the taxes after 1919 until January 1923, when the taxes were placed on the delinquent personal duplicate of 1922. In 1919 the defendant had obtained an injunction against the Auditor and Treasurer from listing or collecting any of the taxes in question. This injunction remained in effect until 1922, when the Supreme Court held the property taxable and dissolved the injunction. The trial court

acknowledged the theory of the defendant and dismissed the petition. On error the Appeals Court held:

1. The effect of the injunction was to prevent the Auditor from listing or relisting the property in any of the years from 1919 to 1922.

2. The taxpayer, having invoked the delay by means of the injunction has no just or equitable right to take advantage of the fact that the tax list was made in the year 1919 and not carried forward until 1922. He is estopped from raising the question.

Attorneys—John R. King, for Ginder; F. R. Hoover, for Surety Company; both of Columbus.

### No. 95

BONSANGUE v. DOWELL

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 4925. Decided March 3, 1924

Middleton, P. J., Sayre, and Mauck, 4th Dist., sitting.

1235. VERDICT—Return of, fostered by proper instructions of trial court, not disturbed.

BY THE COURT.

#### Epitomized Opinion

Published only in Ohio Law Abstract

Bonsangue argued that a machine driven by Dowell hurled him 25 feet, after which Dowell went 150 feet before machine stopped.

Court of Appeals held that merit might be found in contention that verdict was against the weight of evidence, if such testimony was not sharply controverted by Dowell in the trial court. Instruction of that court were sound; if additional instruction were proper and desired it was necessary for party desiring them to so request trial judge. Judgment against Bonsangue was affirmed.

Attorneys—J. V. Zottarelli, for Bonsangue; H. F. Glick, for Dowell, both of Cleveland.

### No. 96

GOODRICK, Admr. v. SHEETS

Ohio Appeals, 6th Dist., Wood Co.

No. 319. Decided Dec. 8, 1924

563. FRAUDULENT CONVEYANCES— Retention of sufficient property to pay existing creditors does not invalidate gift conveyance.

RICHARDS, J.

#### Epitomized Opinion

Published only in Ohio Law Abstract

William Sheets died Oct. 19, 1922. On April 4, 1922 Sheets executed a deed of gift to his wife of 40 acres of land and this action was brought by the administrator on behalf of the creditors to set aside this conveyance. At the

time of the conveyance Sheets owned 110 acres of land in Wood county. His debts then amounted to $1700. He was planning to execute a mortgage and borrow that amount, but his wife declined to sign the mortgage unless he would execute to her a deed for 40 acres of the land. By reason of her insistence, he executed the deed for 40 acres, retaining 70 acres of land. The value of the 70 acres at the time of the conveyance was approximately $10,000.

Shortly after Sheets' death a partition suit was filed to partition the 70 acres. The land was appraised for $7,150 and sold for $5,185, which was exhausted in the payment of the costs and liens secured by mortgaged and judgments, and dower of the widow. Goodrick's suit was for the benefit of unpaid creditors who became such subsequent to the execution of the deed to Mrs. Sheets. The common pleas rendered judgment for the defendant, Cornelia Sheets. The administrator, Goodrick, appealed. In affirming the decree, the court of appeals held:

1. One who is indebted cannot justly make a gift of his property without retaining ample assets to meet his indebtedness, but as the facts in the instant case clearly show that the deceased had ample assets at the time the gift was made, the conveyance could not be set aside as fraudulent.

Attorneys—C. L. Foster, for Goodrick; Benjamin F. James, for Sheets; all of Bowling Green.

### No. 97
### FINN v. FINN
Ohio Appeals, 6th Dist., Lucas Co.
No. 1455. Decided Nov. 24, 1924
615. HUSBAND AND WIFE—Wife cannot sue husband for personal injuries.
CHITTENDEN, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

For Supreme Court pending case, see 3 Abs. 37.

This was an action brought by Esther Finn in the common pleas against Julius Finn to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant in operating his automobile. The plaintiff and the defendant were husband and wife. The petition alleged that the defendant, Julius Finn, negligently operated the automobile so as to come into collision with a tree, as the result of which the plaintiff was injured. The defendant filed a motion for a judgment on the pleadings, which was sustained. In affirming the judgment, the court of appeals held:

1. Although the statute conferred upon the wife the right to sue separately for torts committed against her, it does not authorize an action against her husband for damages arising from an automobile accident.

Attorneys—Miller & Brady, for Finn, plaintiff in error; George Lewis and W. H. McLellan, Jr., for Finn, defendant in error.

### No. 98
### WESTLAKE v. WRIGHT et al.
Ohio Appeals, 7th Dist., Mahoning Co.
No.        Decided Oct. 2, 1924
633. INFANTS—Statute changing majority age of does not affect one having already reached majority status.
POLLOCK, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Catherine Wright filed a suit in partition against Westlake and other codefendants, who she alleged, were joint tenants with her in certain property. After filing of the petition a motion was filed raising the question that Catherine Wright, the plaintiff, was not of age and could not prosecute her action. Upon that hearing an amendment was made to the petition and the words "by General Wright, guardian", inserted. Another one of the defendants filed a motion to strike out this amendment upon the ground that she was capable of prosecuting this action and this motion was sustained. The order of partition was then made and error was prosecuted upon the ground that Catherine Wright was not a competent party to prosecute the action.

Catherine Wright was 18 years of age Dec. 16, 1922. She filed her action in May, 1923. The amendment made by the recent legislature extending the time in which females were to become of age to 21 years became a law on July 18, 1923. At the time she filed her action she had a right to prosecute it, but while it was pending the change in age of majority took place. In holding that she was a competent party to prosecute action, the court of appeals held:

A statute extending the period of majority does not change the status of one who has already reached the age of majority under a former law.

Attorneys—Wirt & Gunlefinger, for Westlake; Fillius & Fillius, and Wilson, Hahn, Henderson & Wilson, for Wright, et al.; all of Youngstown.

### No. 99
### LAMBEFF v. STATE
Ohio Appeals, 7th Dist., Mahoning Co.
No.        Decided Oct. 2, 1924
633. INFANTS—Conviction of contributing to delinquency held proper.
ROBERTS, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Lambeff was charged with contributing to the delinquency of Cordelia Greenwood, a minor